UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALVATORE BATTAGLIA, | No. |
| Plaintiff, | |
| -against- | COMPLAINT |
| NEW YORK CITY TRANSIT AUTHORITY and METROPOLITAN TRANSPORTATION AUTHORITY, | Plaintiff Demands a Trial by Jury |
| Defendants. | |

Plaintiff SALVATORE BATTAGLIA ("Mr. Battaglia" or "Plaintiff"), by and through his attorneys, Levine & Blit, PLLC, complaining of defendants NEW YORK CITY TRANSIT AUTHORITY ("NYCTA") and METROPOLITAN TRANSPORTATION AUTHORITY ("MTA") (hereinafter, collectively referred to as "Defendants"), hereby alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil action to remedy Defendants' unlawful discrimination based upon disability in violation of the Americans with Disabilities Act ("ADA"), failure to reasonably accommodate a disability in violation of the ADA, discrimination based upon disability in violation of the New York City Human Rights Law ("NYCHRL"), and failure to reasonably accommodate a disability in violation of the NYCHRL.

2. Plaintiff seeks equitable and legal relief in the form of injunctive relief, including reinstatement; monetary damages for past and future economic losses; compensatory damages, including, but not limited to, emotional distress, mental anguish, and humiliation; punitive damages; reasonable attorney's fees; costs of this action; and any such other and further relief deemed just and equitable.

## JURISDCTION AND VENUE

3. This Court has jurisdiction over after this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

5. On February 7, 2023, the Equal Employment Opportunity Commission issued a Notice of Right to Sue to Mr. Battaglia in connection with his charge of disability discrimination and failure to reasonably accommodate a disability, as alleged herein.

## PARTIES

6. Plaintiff is an adult male who is a citizen of the State of New York, Richmond County.

7. Upon information and belief, the NYCTA is a public-benefit corporation in the State of New York that operates public transportation in New York City.

8. Upon information and belief, the NYCTA's headquarters is located at 2 Broadway, New York, New York, 10004.

9. Upon information and belief, the MTA manages transit, buses, subways, trains, bridges and tunnels in New York City.

10. Upon information and belief, the MTA's headquarters is located at 2 Broadway, New York, New York, 10004.

11. At all times relevant to this action, Defendants were an "employer" of Plaintiff within the meaning of all relevant federal, state, and local statutes.

12. At all times relevant to this action, Plaintiff was an "employee" of Defendants within the meaning of all relevant federal, state, and local statutes.

13. At all times relevant to this action, Plaintiff was qualified to hold his position of employment with Defendants through his knowledge, education, training, experience, and/or qualifications.

14. At all times relevant to this action, Plaintiff was a qualified individual with a disability.

15. At all times relevant to this action, Defendant was aware that Plaintiff suffered from a disability.

16. At all times relevant to this action, Plaintiff was able to perform the essential functions of his employment with Defendants, with or without a reasonable accommodation.

## FACTUAL ALLEGATIONS

17. Mr. Battaglia began working for Defendants in about November 2001.

18. At all times relevant to this action, Mr. Battaglia's job title was Track Worker.

19. At all times relevant to this action, Mr. Battaglia ably performed his job duties as a Track Worker.

20. On July 6, 2020, Mr. Battaglia suffered a complete tear of his anterior cruciate ligament (ACL) in his right knee and tears to his medial and lateral meniscus in his right knee while working for Defendants.

21. Mr. Battaglia's right knee was surgically repaired in December 2020, but he continues to suffer debilitating conditions as a result of the injuries he sustained to his right knee while working for Defendants.

22. On June 3, 2021, Mr. Battaglia submitted a written request for a meeting with Defendants concerning a reasonable accommodation for his disability.

23. Defendants refused or failed to meet with Mr. Battaglia as a result of his June 3, 2021 written request.

24. On June 24, 2021, Mr. Battaglia's treating physician recommended as a reasonable accommodation that Mr. Battaglia should not be lifting objects over 10-15 pounds, push or pull weight objects, climb ladders, kneel, squat, or bend.

25. Further, Mr. Battaglia's treating physician recommended as a reasonable accommodation that Mr. Battaglia should not be on his feet for more than 20-minute intervals.

26. Mr. Battaglia's physician also said he would need to re-evaluate Mr. Battaglia in 2 to 3 months.

27. Around this same time, Mr. Battaglia submitted to an independent medical examination (IME), which recommended as a reasonable accommodation that Mr. Battaglia could return to work on sedentary duty only, and that Mr. Battaglia should not be lifting objects over 5-10 pounds, push or pull objects over 5-10 pounds, climb, kneel, squat, bend, reach, or be on his feet for more than 15 minutes continuously.

28. On July 6, 2021, Mr. Battaglia submitted a written request for a reasonable accommodation for his disability to the Defendants.

29. Mr. Battaglia requested light duty per the directives of his treating physician and the physician who conducted the IME.

30. Defendants did not engage in an interactive process to review Mr. Battaglia's reasonable accommodation request or a cooperative dialogue.

31. On September 14, 2021, Defendants denied Mr. Battaglia's reasonable accommodation request giving the reason that "your department is unable to fulfill your request at this time."

32. On that same day, Mr. Battaglia received a termination letter from Defendants.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS
### (Discrimination based upon Disability in Violation of the ADA)

33. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff is a member of the protected class.

35. Defendants were aware that Plaintiff is a member of the protected class.

36. Pursuant to the unlawful acts and practices alleged above, Plaintiff was discriminated against due to his disability and suffered adverse employment actions.

37. These adverse actions arose under circumstances demonstrating that discrimination based upon disability caused or resulted in the adverse actions.

38. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, past and future economic losses, and severe mental anguish and emotional distress, including but not limited to, humiliation, embarrassment, stress and anxiety, and loss of reputation, for which he is entitled to an award of compensatory damages.

39. Defendant's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the ADA, and were done in knowing violation of or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS
### (Failure to Reasonably Accommodate a Disability in Violation of the ADA)

40. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41. Plaintiff is a member of the protected class.

42. Defendants were aware that Plaintiff is a member of the protected class.

43. Pursuant to the unlawful acts and practices alleged above, Plaintiff requested reasonable accommodations for his disability.

44. Defendants were aware that Plaintiff requested reasonable accommodations for his disability.

45. Defendants failed or refused to engage in an interactive process with Plaintiff concerning his reasonable accommodations requested.

46. Defendants failed or refused to provide any reasonable accommodations for Plaintiff's disability.

47. Instead, Defendants terminated the employment of Plaintiff.

48. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, past and future economic losses, and severe mental anguish and emotional distress, including but not limited to, humiliation, embarrassment, stress and anxiety, and loss of reputation, for which he is entitled to an award of compensatory damages.

49. Defendant's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the ADA, and were done in knowing violation of or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION AGAINST DEFENDANTS
(Discrimination based upon Disability in Violation of the NYCHRL)

50. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 49 as if fully set forth herein.

51. Plaintiff is a member of the protected class.

52. Defendant was aware that Plaintiff is a member of the protected class.

53. Pursuant to the unlawful acts and practices alleged above, Plaintiff was discriminated against and treated less well due to his disability and suffered adverse employment actions.

54. These adverse actions arose under circumstances demonstrating that discrimination based upon disability caused or motivated the adverse actions.

55. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, past and future economic losses, and severe mental anguish and emotional distress, including but not limited to, humiliation, embarrassment, stress and anxiety, and loss of reputation, for which he is entitled to an award of compensatory damages.

56. Defendant's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, and were done in knowing violation of or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
### (Failure to Reasonably Accommodate a Disability in Violation of the NYCHRL)

57. Plaintiff repeats, realleges, and reiterates each and every allegation contained in paragraphs 1 through 56 as if fully set forth herein.

58. Plaintiff is a member of the protected class.

59. Defendant was aware that Plaintiff is a member of the protected class.

60. Pursuant to the unlawful acts and practices alleged above, Plaintiff requested reasonable accommodations for his disability.

7

61. Defendants were aware that Plaintiff requested reasonable accommodations for his disability.
62. Defendants failed or refused to engage in an interactive process with Plaintiff concerning his reasonable accommodations requested.
63. Defendants failed or refused to provide any reasonable accommodations for Plaintiff's disability.
64. Instead, Defendants terminated the employment of Plaintiff.
65. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered, and continues to suffer, past and future economic losses, and severe mental anguish and emotional distress, including but not limited to, humiliation, embarrassment, stress and anxiety, and loss of reputation, for which he is entitled to an award of compensatory damages.
66. Defendant's unlawful and discriminatory actions constitute malicious, willful, and wanton violations of the NYCHRL, and were done in knowing violation of or reckless disregard for Plaintiff's civil rights, for which Plaintiff is entitled to an award of punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendant containing the following relief:

(a) An Order enjoining the Defendants from engaging in the unlawful conduct alleged herein;
(b) An Order enjoining the Defendants to reinstate Plaintiff;
(c) An Order awarding monetary damages for the past and future economic losses suffered by Plaintiff as a result of Defendants' unlawful conduct;

(d) An Order awarding monetary damages to Plaintiff to compensate him for the severe emotional distress, mental anguish, physical pain and suffering, humiliation, and embarrassment suffered as a result of Defendants' unlawful actions pursuant to the ADA and NYCHRL;

(e) An Order awarding punitive damages to Plaintiff in an amount to be determined by the trier of fact pursuant to the ADA and NYCHRL;

(f) An Order awarding Plaintiff his reasonable attorney's fees;

(g) An Order awarding Plaintiff his costs of this action; and

(h) Any such other or further relief deemed just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: April 25, 2023
New York, New York

LEVINE & BLIT, PLLC

Justin S. Clark
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 4020
New York, NY 10118
Tel. (212) 967-3000
jclark@levineblit.com