# UNITED STATES DISTRICT COURT
# SOUTHERN DISTICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| SALVATORE BATTAGLIA, | : | Civil. Action No. 1:23-cv-03446(JGLC) |
| Plaintiff, | : | |
| | : | **ECF CASE** |
| -v.- | : | |
| | : | **STIPULATION AND ORDER OF CONFIDENTIALITY** |
| NEW YORK CITY TRANSIT AUTHORITY and METROPOLITAN TRANSPORTANTION AUTHORITY, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Plaintiff Salvatore Battaglia ("Plaintiff"), and Defendants New York City Transit Authority and Metropolitan Transportation Authority ("Defendants"), have agreed that the following Stipulation and Order Regarding Confidential Material be entered to govern the handling of Confidential Material (as defined below) produced in this Litigation (as defined below). The parties hereby agree to be bound by the terms of this Stipulation and agree that this Stipulation is enforceable as a stipulation unless and until superseded by the Court's entry of this as an Order.

IT IS HEREBY AGREED:

1.   Definitions.

a.   The term "Discovery Material" shall mean all documents, electronically stored information, and tangible things (each having the broadest meaning accorded that term under Fed. R. Civ. P. 26 and 34) produced in discovery in this Litigation, whether originals or copies, whether produced pursuant to court order, Fed. R. Civ. P. 34, subpoena, or by agreement, including interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, and

court papers to the extent that such court papers quote, reproduce, or summarize the content of any Discovery Material.

      b.    The term "Confidential Material" shall mean any Discovery Material designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" in accordance with this Stipulation.

      c.    The term "producing party" or "producing person" shall mean, with respect to particular Discovery Material, the person or entity disclosing the Discovery Material through discovery. "Producing person" includes the parties to the Litigation and their respective counsel and any other non-parties to the Litigation who are responding to discovery by subpoena or otherwise.

      d.    The term "designating party" or "designating person" shall mean, with respect to particular Discovery Material, the party designating the Discovery Material as CONFIDENTIAL or ATTORNEY'S EYES ONLY pursuant to Paragraph 2, below. The designating party need not be the producing party. A "designating person" may be a party to the Litigation and such party's counsel or any non-party to the Litigation who is responding to discovery by subpoena or otherwise.

      e.    The term "Litigation" shall mean the above-captioned case.

      f.    The terms "party" or "parties" mean any person or entity who is a current party to the Litigation.

      g.    The term "Court" refers to the United States District Court for the Southern District of New York as assigned in the captioned case.

2.    Designation of Confidential Material.

a.    Discovery Material may be designated CONFIDENTIAL by any party or the producing party if counsel determines, in good faith, that such designation is necessary to protect documents and/or information as set forth in Rule 26(c) of the Federal Rules of Civil Procedure.

b.    Discovery Material may be designated "ATTORNEYS' EYES ONLY" (also referred to as "AEO") by any party or the producing party if counsel reasonably and in good faith believes the material contains or reflects highly confidential information that comprises sensitive business, commercial, financial, proprietary, research or personal information that has not been made public and could cause a Party or individual to suffer competitive or other harm if publicly known or known by the non-designating Party, or agents or employees of the Parties who would have access to the Discovery Materials under this Stipulation.

c.    With respect to the CONFIDENTIAL or AEO portion of any Discovery Material (other than deposition transcripts, which are addressed below), a producing party who is also the designating party shall designate Confidential Material by stamping or otherwise clearly marking each page as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a manner that will not interfere with legibility or audibility.  Where such marking is impossible or impractical (such as with productions of groups of documents in native form), the designating party shall state the designation of any Confidential Material in writing contemporaneously in a manner that is sufficiently clear to identify the CONFIDENTIAL MATERIAL.

d.    A party who is a recipient of Discovery Material may designate it as CONFIDENTIAL or AEO by notifying the producing party or person and all other parties in writing of the need to so designate it.  In that event, the designating party shall mark the Discovery Material CONFIDENTIAL or AEO and distribute the marked Discovery Material to each party.

e.     Each party shall, where practicable, designate as confidential only those portions of Discovery Material that contain Confidential Material.

f.     The disclosure of Discovery Material without designating it "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate it as Confidential Material. If a producing or receiving party or person inadvertently fails to designate Discovery Material as CONFIDENTIAL or AEO, it may make the designation belatedly, so long as it does so promptly after learning of the oversight. If so designated, the document or information shall be treated as Confidential Material subject to all of the terms of this Stipulation and Order.

g.     The inadvertent production of privileged and/or work-product-protected Discovery Material ("Inadvertently Disclosed Information") is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or any other proceeding. If Inadvertently Disclosed Information is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Counsel for the receiving parties shall take reasonably necessary steps to assure the confidentiality of Confidential Material contained in the Inadvertently Disclosed Information, including reasonable efforts to secure the return or destruction of the Confidential Material by individuals to whom disclosure was made but who would not have been permitted by this Stipulation had the Discovery Material been originally designated as Confidential Material. In all events, if the producing party seeks to claw back any Inadvertently Disclosed Information, the producing party shall also produce a privilege log with respect to the Inadvertently Disclosed Information according to the requirements of any applicable case management order.

h.     Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Stipulation.

3.    Restrictions on Confidential Material.    Confidential Material produced or revealed in the Litigation shall be subject to the following restrictions:

a.    Confidential Material shall be used only for the purpose of prosecuting or defending the Litigation, or as otherwise required by law or by order of a court of competent jurisdiction, and not for any business or other purpose whatsoever.

b.    Except as otherwise provided, Confidential Material designated as CONFIDENTIAL shall not be shown, distributed, quoted, or summarized in any way to anyone other than:

i. counsel for the parties in the Litigation (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons (including outside vendors or service providers) assisting them in the conduct of the Litigation;

ii. this Court and its employees, the triers of fact, and court reporters transcribing testimony herein (whether during the course of deposition or trial testimony) and notarizing officers;

iii. the parties to this action, as far as they have a reasonable need for the information in connection with the prosecution or defense of the Litigation;

iv. employees of any named party who are either required by such party or requested by counsel to assist in the prosecution or defense of the Litigation;

v. experts retained as either consultants or potential witnesses and any other litigation consultants retained;

vi. non-party witnesses in the course of deposition or trial testimony who are examined in good faith by counsel with respect to Confidential Material for legitimate discovery or trial purposes, and any witness who counsel believes in good faith may be called to testify at trial or deposition in this action and whose examination with respect to Confidential Material may

be necessary in connection with that testimony.  The provisions of this Stipulation apply to any person(s) attending a deposition in which Confidential Material is disclosed to the same extent as if such person were being shown written Confidential Material;

      vii. any third-party mediator selected by the parties or assigned by the Court, including the administrative staff for the mediator; and

      viii. any other person upon the written agreement of the parties or pursuant to court order.

    c.    Before disclosing Confidential Material to any person described in subparagraphs 3(b)(v), (vi) and (viii), such person shall execute a copy of the Non-Disclosure Agreement annexed to this Stipulation.  Counsel must retain each signed Non-Disclosure Agreement and produce it to opposing counsel before such person is permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

    d.    Except as otherwise provided, Confidential Material designated as ATTORNEYS' EYES ONLY shall not be shown, distributed, quoted, or summarized in any way to anyone other than:

      i.    counsel for the parties in the Litigation (both outside and in-house counsel employed by a party) and secretarial, paralegal, technical, and clerical persons (including outside vendors or service providers) assisting them in the conduct of the Litigation;

      ii.    the original author and/or recipient of the information;

      iii.    a director, officer, employee, or agent of the employer for which the person is testifying as a designee under FRCP 30(b)(6) and the material is relevant to the topics for which the individual has been designated to testify; or

      iv.  to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

      e.    An attorney for a party in this Litigation may not disclose Confidential Material to any person or entity other than as provided in this Stipulation without the prior written consent of the designating party.  If the designating party or producing party does not agree, the attorney seeking to show the Confidential Material may apply to the Court for relief from this Stipulation.

      f.    Nothing in this Stipulation shall be construed to limit in any way the right of any producing person to use its own Discovery Material, including Confidential Material, for any purpose and to waive its own designations of Confidential Material.

      g.    Nothing in this Stipulation shall be construed to release any producing person from any existing obligation(s) to maintain the confidentiality of Confidential Material.

4.    <u>Confidentiality of Depositions.</u>  A party or non-party may designate specific information disclosed during a deposition as Confidential Material by so indicating on the record at the deposition, and specifying the designation as either CONFIDENTIAL or AEO.  Additionally, a party or non-party may designate in writing within thirty (30) days after receipt of the deposition transcript for which the designation is made, that specific pages or lines of a transcript made by a party or the non-party deponent be treated as either CONFIDENTIAL or AEO.  Counsel for the designating party shall provide all parties with replacement copies of the designated transcript(s) in which the Confidential Material is so marked.  During the 10 business day period following receipt of a deposition transcript, all parties will treat the entire deposition transcript as if it had been designated as Confidential Material.

5.    <u>Subpoenas.</u>  If a party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of

Confidential Material that a party has obtained in discovery in the Litigation, the party that has received the subpoena or order shall notify the person who designated the Discovery Material as Confidential Material of the pendency of such subpoena or order in writing as soon as reasonably possible, but in no event later than seven (7) business days after receiving the subpoena or order, and in any event before the date of production set forth in the subpoena or order. The designating person may then notify the person receiving the subpoena in writing of the designating person's intent to intervene to resist the subpoena. Should the designating person give notice of such an intent, the person receiving the subpoena shall take reasonable and necessary steps to withhold production while the intervening person's motion is pending, if permitted by law; provided, however, that nothing in this stipulation shall be construed to require a party to violate or refuse to comply with valid orders of any court, or with the rules of procedure of any court.

6.   Filing.   Confidential portions of filings with the Court, including information subject to confidential treatment in accordance with the terms of this Stipulation that is filed with the Court, and any portions of pleadings, motions or other papers filed with the Court disclosing any Confidential Material, shall be filed under seal and kept under seal until further order of the Court. The filing party shall make an application to seal or redact the materials containing Confidential Material in accordance with the Court's Individual Rules. A copy of a party's application to seal or redact shall be contemporaneously served on all other parties.

7.   Use.   This Stipulation and Order binds the parties and persons obtaining access to Confidential Material to treat as confidential any Discovery Materials so designated. Persons obtaining access to Confidential Material designated under this Stipulation shall use the material only for preparation and trial of the Litigation (including appeals and retrials) and shall not use the material for any other purpose.

8.   <u>Disclaimers.</u>

    a.    By entering into this Stipulation, no party concedes that any information designated by any other party or non-party as Confidential Material does in fact contain or reflect confidential information as defined herein.

    b.    This Stipulation shall not restrict in any manner the right of any party or non-party to contest the alleged relevance, admissibility, or discoverability of Confidential Material sought, or from objecting to discovery in accordance with the federal rules.

    c.    This Stipulation shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any Confidential Material.  Nothing in this Stipulation shall be construed to affect the evidentiary admissibility or inadmissibility of any Confidential Material.  By entering into this Stipulation, no party concedes that any information designated hereunder should be treated confidentially at trial nor that any portion of the trial should be closed to the public.

    d.    The parties expressly acknowledge that the Court has not made any finding regarding the confidentiality of purportedly Confidential Material as designated by the parties and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential Material hereunder.

    e.    Nothing herein shall prejudice the right of any party or non-party to apply to the Court for a further protective order relating to any documents or information.

9.   <u>Non-Termination.</u>   This Stipulation shall remain effective after the conclusion of the Litigation.  Within sixty (60) days after final conclusion of all aspects of the Litigation (including any appeals and retrials), all recipients of Confidential Material must either return such material to the producing party, or, upon the option of the producing party, destroy such material, including all copies thereof.  Counsel of record and in-house counsel for each party may maintain in its files customary copies of all pleadings, motion papers, transcripts, exhibits, expert reports, orders,

briefs, legal memoranda, and correspondence with the Court, and its customary attorney work product, correspondence, and other case files.  All counsel of record shall certify their own compliance with this paragraph, and shall obtain certifications from their clients and expert consultants retained by them, and, not more than sixty-five (65) days after final termination of the Litigation, shall deliver to counsel for the producing party the certifications.  Nothing in this stipulation shall be construed to require a person or party to destroy material marked as confidential by itself or another party that was previously in that person or party's possession, custody, or control or otherwise kept in the normal course of business.

10.  Non-Party Designation.  Non-parties from whom discovery is sought by the parties to this Order, may designate materials as CONFIDENTIAL and/or AEO, consistent with the terms of this Stipulation, provided that such non-parties agree in writing to be bound by the terms of herein prior to the production of any such materials by executing a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. Under such circumstances, all duties applicable to the parties that are signatories to this Stipulation shall apply to such non-parties.

11.  Disputes.  Each party in this litigation reserves the right to challenge a designation of confidentiality in whole or in part. In the event a party challenges another party's CONFIDENTIAL and/or AEO designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, either party may thereafter seek resolution by the Court. A party that objects to another person's designation of Discovery Material as Confidential Material shall give the designating person of such Confidential Material and all parties to this Litigation written notice of such objection and an explanation of the basis for the objection.  The parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved on an informal basis, the designating party/person shall have fifteen (15) business days following

10

the parties' failure to agree to move for an order designating the Discovery Material "CONFIDENTIAL" or "AEO." Until the Court rules on the dispute, all parties shall continue to treat the material in question as designated by the designating party.

12.    Modification Permitted.  Nothing in this Stipulation shall prevent any party from seeking from the Court modification of this Stipulation.  Nothing in this Stipulation shall prevent the Court from ordering any appropriate relief with respect to the matters addressed in this Stipulation

13.    Counterparts.  This Stipulation may be executed in counterparts, and a facsimile or PDF signature shall be deemed to have the same effect as an original signature.

14.    Breach. If either the Plaintiffs or Defendants are found by a Court of competent jurisdiction to have willfully and materially breached his or her obligations pursuant to this Stipulation, the parties shall (a) have the right to seek punitive damages as well as actual damages from the Court, and (b) recover from the breaching party its reasonable attorney's fees made necessary by an application to enforce this Stipulation. Further, the parties acknowledge that breach of this Stipulation may cause irreparable damage to one or more of the parties, and any one of them may seek injunctive relief from the Court in the Litigation and/or another court of competent jurisdiction, in addition to any other right arising from the breach.

**Signed: January 22, 2024**

LEVINE & BLIT, PLLC

Justin S. Clark
800 Westchester Ave., S-322
Rye Brook, NY 10573
(T) (212) 967-3000
jclark@levineblit.com
*Attorneys for Plaintiff*

PROSKAUER ROSE LLP

*/s/ Steven D. Hurd*
Steven D. Hurd
Michelle A. Annese
Eleven Times Square
New York, NY 10036
(T) 212-969-3000
(F) 212-969-2900
shurd@proskauer.com
mannese@proskauer.com
*Attorneys for Defendants*

Dated: New York, New York
January 31, 2024

**SO ORDERED:**

Hon. Jessica G.L. Clarke

12

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

SALVATORE BATTAGLIA,

                  Plaintiff,

  -v.-

NEW YORK CITY TRANSIT AUTHORITY and
METROPOLITAN TRANSPORTANTION
AUTHORITY,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil. Action No. 1:23-cv-03446(JGLC)

**ECF CASE**

**NON-DISCLOSURE AGREEMENT**

      I hereby attest that I have read, understand and agree to be bound by the terms, conditions and restrictions of the Stipulation and Order regarding Confidential Material ("Stipulation and Order") in the captioned proceeding.  To the extent that I receive Confidential Material within the meaning of the Stipulation and Order, I will act in accordance with my obligations as described in the Stipulation and Order.  I further agree that I will maintain the Confidential Material in confidence and will use such material only in accordance with the terms of the Stipulation and Order.  I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Stipulation and Order and this Non-Disclosure Agreement.

Dated: _____

                              _____
                                   Signature

                              _____
                                Printed Name

142806494v1